[Crim. No. 991. First Appellate District, Division One.—April 4, 1921.]

In the Matter of the Application of RUSSELL SANDERS for Writ of Habeas Corpus.

[1] HABEAS CORPUS—RELEASE FROM STATE PRISON—PREMATURE APPLICATION.—An application for a writ of *habeas corpus* by a convict in the state prison to secure his release based upon the sole ground that he has been given to know and understand that the warden will not discharge him until a date some time later than the day upon which he contends he is lawfully entitled to be discharged cannot be entertained.

APPLICATION for Writ of Habeas Corpus to secure release of convict from state prison. Denied.

The facts are stated in the opinion of the court.

Russell Sanders, *in pro. per.*, for Petitioner.

THE COURT.—It appears that the applicant was delivered to the custody of the warden of the state prison at San Quentin on the sixth day of April, 1913, to serve a term of eight years, which period, he contends, will expire on the sixth day of April next. The sole ground for the application is that the petitioner has "been given to know and understand" that the warden at the state prison will not discharge him from custody and restore him to his liberty until a date some time later than the day

upon which he contends he is lawfully entitled to be discharged.

[1] There are two reasons why we cannot entertain this petition at this time: First, we are not in a position to assume that the warden of the state prison will not act in accordance with law and discharge the petitioner, if it be, as alleged in his petition, that he is entitled to a discharge on the sixth day of April, 1921. The second is that the term for which the petitioner was sentenced has not actually expired, and until it has, the petitioner is not illegally detained. (*Ex parte Ross*, 82 Cal. 109, [22 Pac. 1086].)

Application for the writ is denied.